ROSENTHAL, MONHAIT, GROSS & GODDESS, P. A.
ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET
P. O. BOX 1070
WILMINGTON, DELAWARE 19899-1070

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567
E-MAIL RMGG@RMGGLAW.COM

JOSEPH A. ROSENTHAL
NORMAN M. MONHAIT
KEVIN GROSS
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN

May 20, 2005

**BY HAND DELIVERY AND ELECTRONIC FILING**

The Honorable Jack B. Jacobs
Supreme Court of Delaware
Carvel State Office Building
820 N. French Street
Wilmington, Delaware  19801

Re:  **In Re Emerging Communications, Inc. Shareholders Litig.
Del. Ch., Consolidated Civil Action No. 16415 NC**

Dear Justice Jacobs:

The parties have agreed to proceed with a hearing on the proposed settlement of this action on the basis of the settlement papers previously submitted to the Court with Mr. Allingham's letter dated February 7, 2005.

I have been informed that Mr. Prosser and his advisors have informed Greenlight Capital, L.P. ("Greenlight") that business developments have rendered unlikely the ability of Mr. Prosser and the entities he controls to perform all the settlement terms with respect to Greenlight, and that Greenlight and Mr. Prosser have commenced discussions concerning a modification of the settlement terms as to Greenlight. I further understand that any modifications under discussion contemplate a diminution in the settlement consideration that Greenlight will receive. There is no contemplation of any change in settlement terms as to the Brickell Class. The settlement consideration proposed for the Class derives from insurance proceeds and is not affected by any business issues that impact the Greenlight settlement.

The Honorable Jack B. Jacobs
May 20, 2005
Page 2

    The proposed Class notice does not mention renewed negotiations between Mr. Prosser and Greenlight, and we do not believe it needs to do so. We do not know when or even if the renewed negotiations between Greenlight and Mr. Prosser will result in a modified settlement as to Greenlight. Any description of current status could be affected by subsequent events. Plaintiff does not want to continue to hold the settlement hostage to the fluid Greenlight/Prosser situation. We would, of course, expect that Greenlight and Mr. Prosser would commit to the Court, as they have informed us, that any modified Greenlight settlement would result in a diminution of consideration flowing to Greenlight. In these circumstances, the proposed notice describes the best potential outcome for Greenlight, there would be no prejudice to Class members if Greenlight decides to accept less, and the notice therefore more than adequately apprises Class members of material terms of the proposed resolution of the litigation.

    If the parties' proposal is acceptable to the Court, I ask that Your Honor's chambers provide me with dates convenient to the Court's calendar for a settlement hearing. I will communicate with other counsel to determine a mutually agreeable date. Of course, if Your Honor has any questions, counsel are available to respond.

                Respectfully,

                Norman M. Monhait (#1040)

NMM:mst

cc: Thomas J. Allingham II, Esquire
   Jon E. Abramczyk, Esquire
   David C. McBride, Esquire
   Shane T. Rowley, Esquire
   Register in Chancery