IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IN RE EMERGING COMMUNICATIONS, INC. SHAREHOLDERS LITIGATION | Consolidated<br>Civil Action No. 16415 NC |

### SCHEDULING ORDER

The parties having made application, pursuant to Court of Chancery Rule 23 for an Order approving the settlement (the "Settlement") of the Brickell Class Action, which is one of three actions consolidated in the above-captioned consolidated action (the "Consolidated Action"), on terms set forth in a Stipulation of Settlement filed on February 7, 2005 (the "Stipulation"), which (together with the definitions included therein) is incorporated herein by reference and which, together with the accompanying documents, sets forth the terms and conditions for the proposed Settlement of all of the actions consolidated in the Consolidated Action; and the Court having read and considered the Stipulation and the accompanying documents; and all parties having consented to the entry of this Order;

IT IS HEREBY ORDERED this 1ST day of June, 2005 that:

1.  A hearing (the "Hearing") shall be held before the Court on August 2, 2005, at 11:00 a.m. in the Court of Chancery of the State of Delaware, in and for New Castle County, in the New Castle County Courthouse, 500 North King Street, Wilmington, Delaware 19801, for the purposes of (a) determining whether the proposed Settlement of the Brickell Class Action on the terms and conditions provided for in the Stipulation is fair,

reasonable, adequate and in the best interests of the Class and should be approved by the Court, and whether the Order and Judgment provided for in the Stipulation should be entered thereon; (b) considering the application of Class Counsel for an award of attorneys' fees and expenses to be paid out of the Cash Escrow Payment; and (c) ruling on such other matters as the Court may deem appropriate. The Court may adjourn the Hearing (including consideration of the application of Class Counsel for an award of attorneys' fees and expenses) or any adjournment thereof without further notice to the Class other than by announcement at the Hearing or any adjournment thereof.

2. The Court approves, in form and content, the Notice of Proposed Settlement, Settlement Hearing and Right to Appear (the "Notice") attached as Exhibit B to the Stipulation and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in paragraph 3 of this Order meets the requirements of Chancery Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

3. (a) No less than 45 days before the Hearing, ECM shall cause a copy of the Notice to be mailed by first-class mail to the stockholders of record of ECM at any time from May 19, 1998 through October 19, 1998, as shown on the stock records maintained by or on behalf of ECM. ECM shall use reasonable efforts to give notice to beneficial owners of ECM stock by making additional copies of the Notice available to any record holder requesting the same for the purpose of distribution to beneficial owners. ECM will pay the costs and expenses related to the Notice.

      (b)    At or before the Hearing provided for in paragraph 1 of this Order, ECM shall file proof, by affidavit, of such mailings.

    4.    At the Hearing, any member of the Class who desires to do so may appear personally or by counsel, provided that an appearance is filed and served as hereinafter provided, and show cause, if any, why the Settlement of the claims in the Brickell Class Action should not be approved as fair, reasonable, adequate, and in the best interests of the Class, why judgment should not be entered dismissing plaintiff's and the Class's claims asserted against the Defendants on the merits and with prejudice against the plaintiff and the Class as determined by the Court, or why the Court should not grant an allowance of fees and expenses to Class Counsel for their services herein and expenses incurred; provided, however, that no member of the Class or any other person opposing the Settlement or any provision thereof shall be heard or entitled to contest the approval of the terms and conditions of the Settlement and, if approved, the judgment to be entered thereon and the allowance of fees and expenses to Class Counsel, and no papers or briefs submitted by any member of the Class or any other person shall be received and considered, except by Order of the Court for good cause shown, unless, no later than ten days prior to the Hearing, copies of (a) a notice of intention to appear, (b) a detailed statement of such person's specific objections to any matter before the Court, (c) proof that the person opposing the Settlement was a stockholder of record of ECM at some time in the period May 19, 1998 through October 19, 1998; and (d) the grounds for such objections and any reasons for such person's desiring to appear and to be heard, as well as all documents and writings such person desires this Court to consider, shall be served upon the following counsel:

3

Norman M. Monhait
ROSENTHAL, MONHAIT, GROSS
  & GODDESS, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware  19899

Thomas J. Allingham II
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899

Jon E. Abramczyk
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

David C. McBride
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899

David E. Wilks
Buchanan Ingersoll PC
The Nemours Building
1007 North Orange Street, Suite 1110
Wilmington, DE 19801-1236

and then filed with the Register in Chancery.  Unless the Court otherwise directs, no member of the Class shall be entitled to object to the Settlement or to the judgment to be entered herein, or to the award of attorneys' fees and expenses to Class Counsel, or otherwise to be heard, except by serving and filing written objections as described above.  Any person who fails to object in the manner provided above shall be deemed to have waived such objection

4

and shall forever be barred from making any such objection in this Consolidated Action or in any other action or proceeding.

5. If the Court approves the Settlement provided for in the Stipulation following the Hearing, the Court will enter the Order and Judgment in the form attached as Exhibit C to the Stipulation.

6. In the event that: (i) the Court declines, in any respect (except for a disallowance or modification of the fees and/or expenses sought by Class Counsel), to enter the Order and Judgment provided for in the Stipulation and any one of the parties hereto fails to consent to the entry of another form of order in lieu thereof; (ii) the Court disapproves the Settlement proposed in the Stipulation, including any amendments thereto agreed upon by all of the parties; or (iii) the Court approves the Settlement proposed in the Stipulation or any amendment thereto approved by all of the parties, but such approval is reversed or substantially modified on appeal and such reversal or modification becomes final by a lapse of time or otherwise; then, on the occurrence of any of such events, the Stipulation, the Settlement proposed in the Stipulation (including any amendments thereof), and any actions taken or to be taken as provided for in the Stipulation, and the Order and Judgment to be entered shall be of no further force or effect and shall be null and void, and shall be without prejudice to any of the parties hereto, who shall be restored in all respects to their respective positions existing prior to the execution of the Stipulation, except that ECM shall not be entitled to reimbursement of sums expended pursuant to paragraph 3(a) hereof. For purposes of this provision, a disallowance or modification by the Court of the fees and/or expenses

sought by Class Counsel shall not be deemed an amendment, modification or disapproval of the Settlement or the Order and Judgment.

7. The Court reserves the right to approve the Settlement with modifications and without further notice to members of the Class, and retains jurisdiction over this Consolidated Action to consider all further applications arising out of or connected with the proposed Settlement.

_____
Justice